IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 07-41118
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE LEANDRO PORTILLO-ORELLANA, also known as Jose Orellana-Portilla

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1618-1

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Leandro Portillo-Orellana (Portillo) appeals the sentence imposed following his guilty plea conviction of illegal reentry, in violation of 8 U.S.C. § 1326. Portillo was sentenced within his advisory sentencing guidelines range to a 52-month term of imprisonment. We review a district court's sentencing decision for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 596-97 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Portillo argues that the district court failed to provide adequate reasons both for its imposition of a within-guidelines sentence and its denial of his nonfrivolous arguments for a below-guidelines sentence. Because Portillo failed to raise these challenges in the district court, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *petition for cert. filed* (June 24, 2009) (No. 08-11099). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Portillo is correct that the district court erred when it did not adequately explain its reasons for the sentence imposed. *See id.* at 361-65. However, Portillo has not shown that, without the error, his sentence would have been different. Thus, he has failed to show that the district court's error affected his substantial rights. *See id.* at 364-65.

Portillo also argues that his within-guidelines sentence should not be accorded a presumption of reasonableness because U.S.S.G. § 2L1.2, the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account empirical data and national experience. This argument was rejected in *Mondragon-Santiago*. *See id.* at 366-67.

Portillo further argues that the Supreme Court's decisions in *Gall* and *Kimbrough v. United States*, 128 S. Ct. 558 (2007), which were issued after his sentencing, broadened the district court's discretion to impose a non-guidelines sentence. As in *Mondragon-Santiago*, nothing in the record suggests that the district court was constrained by this court's precedent from considering all of Portillo's arguments for a non-guidelines sentence or that the district court believed that it could not deviate from the advisory guidelines range in the absence of extraordinary circumstances. *See id.* at 365-66. Portillo has not

shown that the district court misconstrued its authority to depart down from or to vary from the advisory sentencing guidelines range based on this court's pre-*Gall* precedent. Accordingly, as to this issue, no error has been shown, plain or otherwise.

The judgment of the district court is AFFIRMED.